PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* EDUARDO COLÓN, Defendant and Appellant.

No. 2875.  Argued December 15, 1926.—Decided January 14, 1927.

*José J. Aponte* for the appellant.  *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case was as follows:

"I, Manuel Lebrón, I. P. No. 453, with residence in Ciudad Perdida Street, Salinas, P. R., and of age, do hereby bring complaint against Eduardo Colón for an offense consisting in a violation of section 1 of the Automobiles Act, committed in the following manner: That at 4 P. M. on October 12, 1925, and in Union Street, in Salinas, within the municipal judicial district of Salinas, P. R., then and there, the said accused, Eduardo Colón, unlawfully, wilfully and maliciously, violated the provisions of the Act to regulate the use of motor vehicles in Porto Rico, as approved on April 13, 1916, and amended by Act, No. 55 of July 11, 1921, defining the term 'operator' such violation consisting in that the said defendant, knowingly and intentionally, was driving his automobile Hudson P. 1128, although he only possessed an operator's license and badge No. 14645, thereby violating the said section of the law; an act contrary to law.

"Note.—At the time of the complaint this chauffeur was driving the automobile Hudson P. 1128, engaged in the transportation of passengers between Ponce and Guayama, and was carrying several passengers."

There was a motion to strike the words contained in the note and the refusal of the court to accede to the motion is

made the basis of the first assignment of error. We may say in passing that a motion to strike should be made before trial and should not be placed in the transcript of the stenographic notes; neither should a demurrer. Each of them should form part of the regular judgment roll.

The appellant, to justify his motion to strike, sets up that there was a contradiction between the body of the complaint and the note. We agree with the *fiscal* that the note explains the body of the complaint and is not inconsistent with it. It appeared somewhat doubtfully that the defendant only having a license as an ordinary chauffeur was driving Hudson P. 1128. The word "P" means a public automobile, but the note makes that fact perfectly clear.

The automobile law of 1916, as amended by Act No. 55 of July 11, 1921, has the following definitions:

" 'Operator' shall mean any person who, without being a chauffeur, operates a motor vehicle not for the public service.

"Public Service Automobile for the purpose of this act, shall mean any motor vehicle which, for compensation or pay shall engage in the transportation of passengers, merchandise or materials of any kind . . . . "

The defendant demurred to the complaint substantially on the ground that it did not show that passengers were being conducted for payment or remuneration. The note makes it clear that the appellant was conducting various passengers from Ponce to Guayama. Generally the mere use of the word "passenger" implies persons who are traveling for payment or under a contract of hire with a public carrier. Words and Phrases Judicially Defined, vol. 6 p. 5218 *et seq.* As the *fiscal* suggests, the complaint might have been clearer, but it sufficiently indicated to the appellant that he was charged with conducting a public vehicle without having a license for that purpose. The case of *People* v. *Vergne de la Concha,* 26 P.R.R. 395, is to be distinguished

on the ground that there was no sufficient description of the automobile as a public one.

The discussion of the evidence turned on the same alleged lack of proof that the passengers paid, but there was no doubt that passengers were being conveyed.

The judgment should be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.